J-S49036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLOS REVERON | |
| Appellant | No. 3589 EDA 2013 |

Appeal from the PCRA Order dated November 26, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0507611-2005; CP-51-CR-1008331-2005; CP-51-CR-0208271-2005; CP-51-CR-0609971-2005; CP-51-CR-1012661-2005; and CP-51-CR-1303844-2006

BEFORE:  OLSON, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 14, 2014**

Appellant Carlos Reveron appeals from the November 26, 2013, order of the Court of Common Pleas of Philadelphia County (PCRA court), which denied his request for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46.  Upon review, we adopt the PCRA court's Rule 1925(a) opinion and affirm its order.

The facts and procedural history underlying this appeal are undisputed and are recounted adequately by the PCRA court.  *See* PCRA Court 1925(a) Opinion, 3/12/14, at 2-5.  Briefly, following his repeated convictions for drug offenses and concomitant probation/parole violations, the trial court sentenced Appellant to, *inter alia*, 20 to 40 years' imprisonment.  Having exhausted his direct appeal rights,

On October 26, 2011, [Appellant] filed a *pro se* petition for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. § 941 *et seq.* Counsel was appointed and filed an [a]mended [p]etition on [Appellant's] behalf on February 20, 2013. The Commonwealth filed its [m]otion to [d]ismiss on July 18, 2013. On October 25, 2013, [the PRCA court] determined that the issues raised in [Appellant's] PCRA petition were without merit. A [n]otice pursuant to Rule 907 was sent on October 28, 2013. On November 18, 2013, [Appellant] submitted a *pro se* response to the 907 [n]otice. On November 26, 2013, [the PCRA court] dismissed [Appellant's] PCRA petition. An amended order, dismissing the petition was without merit, was filed December 2, 2013.

PCRA Court 1925(a) Opinion, 3/12/14, at 2-5.

Following the PCRA court's dismissal of Appellant's PCRA petition, Appellant appealed to this Court. On appeal,[1] Appellant raises two issues for our review.[2]

---

[1] Our review of a PCRA court order dismissing a petition under the PCRA is subject to the following standard:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012) (quotation and internal citations omitted), ***appeal denied***, 64 A.3d 631 (Pa. 2013).

[2] To the extent Appellant challenges the competency of Dr. Christos Ballas' May 19, 2007, medical report, we must reject such challenge as waived. Appellant failed to raise this issue below, ***see*** Pa.R.A.P. 302(a), or include it in his Pa.R.A.P. 1925(b) statement of errors appealed of on appeal.

[1.] Was the PCRA court's dismissal of [Appellant's] [d]ue [p]rocess claim an error because Appellant was incompetent at the time of the violation of probation hearing and the PRCA court failed to order a new hearing, or alternatively, order a retrospective competency hearing?

[2.] Was the PCRA court's dismissal of [Appellant's] ineffective assistance of counsel claim an error because prior counsel ineffectively addressed the issue of Appellant's mental illness and did not request a psychiatric examination prior to the hearing?

Appellant's Brief at 4.

After careful review of the parties' briefs, the record on appeal, and the relevant case law, we conclude that the PCRA court's 1925(a) opinion authored by the Honorable Genece E. Brinkley, thoroughly and adequately disposes of Appellant's issues on appeal. *See* PCRA Court 1925(a) Opinion, 3/12/14, at 5-14. Briefly, concluding Appellant's first claim was without merit, Judge Brinkley found that, contrary to Appellant's suggestion, Dr. Ballas, a psychiatrist, determined him to be competent in 2007 and that Appellant has proffered no facts to indicate that his mental health status changed when he was sentenced at the December 8, 2009 violation of parole (VOP) hearing. *Id.* at 7-8. With respect to Appellant's second issue, Judge Brinkley concluded, *inter alia,* that Appellant's ineffectiveness claim lacked arguable merit, because he was competent to participate at the VOP hearing. *Id.* at 10. We, therefore, affirm the PCRA court's order dismissing Appellant's PCRA petition. We direct that a copy of the PCRA court's March 12, 2014 Rule 1925(a) opinion be attached to any future filings in this case.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/14/2014</u>

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH          :          CP-51--CR-0507611-2005
                                 CP-51--CR-0609971-2005
          :              FILED    CP-51--CR-1008331-2005
                                 CP-51--CR-1012661-2005
     vs.               MAR 1 2 2014   CP-51--CR-0208271-2005
                          :          CP-51--CR-1303844-2006
                    Criminal
                    First Judi      :

CARLOS REVERON           :          SUPERIOR COURT
                                 NO. 123 EDA 2010
                                     3589 EDA 2013
                   OPINION

BRINKLEY, J.                        MARCH 12, 2014

Defendant, Carlos Reveron, filed a petition for relief pursuant to the Post Conviction

Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.* In his petition, Defendant claimed he was

incompetent to participate in his December 8, 2009 violation of parole ("VOP") hearing, and

raised several issues related to this claim. This Court dismissed his petition as without merit and

this appeal followed. Defendant raised the following issue on appeal: whether the PCRA Court

erred in dismissing Defendant's petition for post-conviction relief without hearing as being

without merit. This Court's dismissal should be affirmed.

CP-51-CR-0208271-2005 Comm. v. Reveron, Carlo
Opinion



7126010861

1

## FACTS AND PROCEDURAL HISTORY

On November 21, 2005, Defendant appeared before this Court and entered a negotiated guilty plea to four counts of Possession with Intent to Deliver ("PWID") and one count of conspiracy. Sentencing was deferred to December 7, 2005, at which point Defendant pled guilty to a fifth count of PWID. Pursuant to his negotiated sentence, Defendant was sentenced to one year in the Intermediate Punishment ("IP") Program, which included three months on house arrest and short-term, inpatient treatment at Bowling Green to be followed by two years reporting probation. Defendant was ordered to successfully complete drug treatment, get vocational training, seek and maintain employment, stop selling drugs, perform 40 hours of community service and pay fines and costs.

On May 30, 2006 Defendant was arrested for house arrest violations and for testing positive for cocaine. On June 27, 2006, this Court found Defendant to be in technical violation of his parole and ordered a 90-day modification of his IP sentence. This Court also ordered a Forensic Intensive Recovery ("FIR") evaluation for drug and mental health treatment and ordered Defendant to continue the Options drug treatment program in jail. Defendant was later paroled to a FIR program and, per this Court's recommendation, supervised by the Mental Health Unit of the Probation Department.

Four months later, on October 5, 2006, Defendant was again arrested and charged with PWID. Defendant appeared before this Court on July 19, 2007 and plead guilty to that charge. Pursuant to a negotiated sentence, Defendant was sentenced to 11 ½ to 23 months county incarceration, plus one year reporting probation. Defendant was ordered to complete the Options drug treatment program while in jail, seek and maintain employment, stop selling drugs and pay fees and costs. This guilty plea placed Defendant in violation of his previous five sentences, so

on that same day this Court found Defendant in direct violation of these sentences and revoked his IP probation. Defendant was sentenced to concurrent sentences of 11 ½ to 23 months county incarceration plus one year reporting probation on all five counts of PWID. In addition, this Court ordered that Defendant complete 90 days in the Option drug treatment program, get vocational training, get his GED, and indicated that he could be paroled to an inpatient dual diagnosis treatment program when a bed was available. This Court warned Defendant that he would receive a consecutive state sentence for any further violations.

On December 17, 2007, Defendant was paroled to Conewago for drug treatment, and re-warned that any further parole violations would result in a state sentence. Defendant tested positive for cocaine on May 8, 2008. Subsequently, on August 22, 2008, Defendant was again arrested and charged with PWID, and on that same day tested positive for Benzodiazapine. Defendant appeared before the Honorable Linda Carpenter on October 27, 2009. He was convicted of PWID and sentenced to 15 to 36 months incarceration followed by two years probation.

As a result of this conviction, Defendant appeared before this Court on December 8, 2009 for his third VOP hearing. This Court reviewed Defendant's criminal history since his original appearance in 2005, and noted that Defendant had been warned he would receive a consecutive state sentence if he failed to stop selling drugs. Counsel for Defendant asked this Court to consider Defendant's ongoing mental health and substance abuse issues in fashioning its sentence. The Commonwealth argued that Defendant was a seven-time drug dealer, whose last conviction stemmed from selling heroin at a children's party. This Court found Defendant to be in direct violation of his parole/probation, and revoked his probation. Defendant was sentenced to 5 to 10 years state incarceration on four of the six counts of PWID, to run consecutive to one

3

another, for a total of 20 to 40 years in state prison, with 10 years reporting probation on the two remaining counts of PWID, to run consecutive to one another, for a total of 20 years reporting probation, with credit for time served and RRRI eligibility. This Court ordered Defendant to undergo drug treatment, earn his GED, receive vocational training and pay fines and costs.

On December 10, 2009, defense counsel filed a Petition to Vacate and Reconsider Sentence. On January 6, 2010, defense counsel filed a Notice of Appeal to Superior Court. On April 9, 2010, this Court ordered that defense counsel file a Concise Statement of Errors Complained of on Appeal pursuant to Pa. R.A.P. 1925(b). On April 30, 2010, defense counsel filed a Statement of Errors and a Request for Extension of Time to file a supplemental Statement of Errors upon Receipt of all Notes of Testimony. On May 3, 2010, this Court denied this request as all notes of testimony had been available since February 5, 2010. In its Opinion filed June 14, 2010, this Court addressed the issues raised in Defendant's post-sentence motion: (1) whether the sentence imposed was manifestly excessive and unreasonable; and (2) whether the court erred by sentencing Defendant to a term of total confinement that was not consistent with protection of the public, gravity of the offense and rehabilitative needs of the Defendant. On December 10, 2010, the Superior Court affirmed this Court's judgment of sentence. Defendant filed a Petition for Allowance of Appeal which was denied by the Pennsylvania Supreme Court on May 17, 2011.

On October 26, 2011, Defendant filed a *pro se* petition for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq.* Counsel was appointed and filed an Amended Petition on Defendant's behalf on February 20, 2013. The Commonwealth filed its Motion to Dismiss on July 18, 2013. On October 25, 2013, this Court determined that the issues raised in Defendant's PCRA petition were without merit. A Notice pursuant to Rule 907 was

4

sent October 28, 2013. On November 18, 2013, Defendant submitted a pro se response to the 907 Notice. On November 26, 2013, this Court dismissed Defendant's PCRA petition. An amended order, dismissing the petition as without merit, was filed December 2, 2013. On December 18, 2013, Defendant filed a Notice of Appeal to the Superior Court.

## ISSUES

### I. WHETHER THE COURT PROPERLY DISMISSED DEFENDANT'S PCRA PETITION AS WITHOUT MERIT.

When examining the denial of PCRA relief, the reviewing court examines whether the PCRA court's determination is supported by the evidence and free of legal error. Commonwealth v. Thomas, 44 A.3d 12, 16 (Pa. 2012) (citing Commonwealth v. Steele, 961 A.2d 786, 796 (Pa. 2008)). In order to receive PCRA relief, the defendant must prove by a preponderance of evidence that his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa. C.S. 9543(a)(2)[1], his claims have not been previously litigated or waived, and failing to litigate the issue was not "the result of any rational, strategic or tactical decision by counsel." Id. (quoting Commonwealth v. Washington, 927 A.2d 586, 593 (Pa. 2007)). A claim is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." Id. (citing 42 Pa.C.S. § 9544(b).

---

[1] These include: (i) a violation of the Constitution of this Commonwealth or the United States, which, under the circumstances of the particular case, so undermined the truth seeking process that no reliable adjudication of guilt or innocence could have taken place, (ii) ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place, (iii) a plea of guilty unlawfully induced; (iv) the improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved, (v) the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial; (vi) the imposition of a sentence greater than the lawful maximum; and (vii) a proceeding in a tribunal without jurisdiction.

5

## 1. DEFENDANT'S DUE PROCESS RIGHTS WERE NOT VIOLATED BY PROCEEDING WITH HIS VOP HEARING AND SENTENCING HIM WHILE HE WAS ALLEGEDLY INCOMPETENT, AS THIS ISSUE WAS WITHOUT MERIT.

In the case at bar, Defendant seeks PCRA relief by arguing his due process rights were violated because he was not competent to participate in the December 8, 2009 violation of probation hearing and sentencing. We note that the issue of Defendant's competency is being raised for the first time in his PCRA petition. Usually, a claim that is not raised at trial or on appeal is waived. Commonwealth v. Santiago, 855 A.2d 682, 691-692 (Pa. 2004). However, the issue of whether a defendant was competent to stand trial is an exception to the waiver rule, thus, the failure to raise this claim on direct appeal does not constitute waiver of that claim for purposes of the PCRA. Commonwealth v. Brown, 872 A.2d 1139, 1153 (Pa. 2005)(citing Commonwealth v. Santiago, 855 A.2d at 692)(commenting that "it would be contradictory to argue that a defendant may be incompetent, and yet knowingly and intelligently 'waive' his right to have the court determine his capacity to stand trial")(internal quotations omitted).

Although this Court finds that Defendant's claim was preserved, it is, nonetheless, without merit. A defendant is presumed to be competent to stand trial.[2] Commonwealth v. Smith, 17 A.3d 873, 899-900 (Pa. 2011) (citing Commonwealth v. Rainey, 928 A.2d 215, 236 (Pa. 2007)). Therefore, the burden is on the defendant to prove, by a preponderance of the evidence, that he was incompetent to stand trial. Commonwealth v. Brown, 872 A.2d at 1156. In order to prove that he was incompetent, the defendant must establish that he was either unable to understand the nature of the proceedings against him or to participate in his own defense. Id. The Defendant here has failed to satisfy this standard.

---

[2] The requirement of competency extends to a violation of probation hearing or guilty plea. Commonwealth v. Megella, 408 A.2d 483, 486 (Pa. Super. 1979); Commonwealth v. Jermyn, 709 A.2d 849, 861 (1998).

6

There is absolutely no evidence in the record to support Defendant's claim of incompetence in regards to the 2009 VOP hearing. Defendant's only argument relies on a mental health evaluation completed April 24, 2007 – two years prior to the hearing in question – that found Defendant was not competent to participate in criminal proceedings in April of 2007. Based on this completed report, Defendant argues that "a competency evaluation was necessary" at the 2009 hearing, and that "it is almost a certainty that [Defendant] continued to suffer from Paranoid Schizophrenia in December 2009 and was not competent to participate in those criminal proceedings."

However, Defendant's petition completely ignores that on May 19, 2007, just one month after Defendant was found to be incompetent, Dr. Christos Ballas, a psychiatrist from the Health Services Wing of the Philadelphia Detention Center examined the Defendant pursuant to a request from this Court and deemed him competent to proceed with his 2007 guilty plea hearing. In his report, Dr. Ballas stated:

> [Defendant] knew the charges against him, and was able to give me a very clear picture of the events that led to his arrest. He was able to tell me how many times he had been to court, how long he has been here, and the reasons why he has not yet been sentenced. He also seems to have a reasonable understanding of the possible sentences for his crime though he does not know hypothetical legal maneuvers such as plea-bargaining or time served...
>
> On the prior evaluation, which was only two and a half to three weeks ago, [Defendant] was apparently displaying marked psychotic symptomatology such as disorganized speech, auditory hallucinations, impaired memory and irritability. Dr. Jones noted that he was unable to cooperate with the interview and suspected that he would not be able to cooperate with his attorney. At this time, [Defendant] displays none of these symptoms and appears to be quite at his baseline. I also observed him interacting with other inmates and correctional officers; he seems to have no problem joking with them and interacting with them in an appropriate if not overly friendly manner . . . In any event, based on his ability to

7

cooperate with me, I see no reason why he would not be able to participate meaningfully in his own case or with his own attorney . . . Thus, it is my opinion, that [Defendant] is competent to stand trial at this time and assist in his own defense.

Although Defendant was deemed incompetent after a mental health evaluation on April 24, 2007, this subsequent evaluation by Dr. Ballas, performed less than one month later, found him competent to participate in his 2007 guilty plea hearing, which he did in fact do. At that hearing, this Court questioned the Defendant regarding his mental health, and Defendant affirmed he was able to understand the nature of the proceedings against him and participate in his own defense. Based on these facts, Defendant's argument must fail. It cannot be considered a "certainty" that Defendant remained incompetent to participate in criminal proceedings more than two years after the April 2007 mental health evaluation, when he was in fact found competent to stand trial in May 2007, just one month after the negative evaluation.

Furthermore, Defendant's petition fails to identify any facts tending to show that his mental status has changed since the positive Ballas evaluation and the 2007 hearing. The petition also fails to identify any facts, whatsoever, that would prove Defendant was incompetent to participate in the VOP hearing and sentencing on December 8, 2009. To the contrary, Defendant was arrested on August 22, 2008 and charged with selling heroin at a children's party. Defendant went to trial and he was found guilty of those charges before Judge Linda Carpenter on October 27, 2009. There was no indication that Defendant was unable to assist his lawyer at that time, or at the time of sentencing on that case, which was the same day he was sentenced by this Court on December 8, 2009. Defendant is presumed to be competent, and it is not enough to merely call his competency into question. To succeed on this claim, Defendant must demonstrate that he was actually incompetent to participate in the criminal proceedings. Because he has not provided this Court with any evidence of this fact, Defendant has failed to meet his

proof. Therefore, Defendant's claim is without merit and the decision of this Court should be upheld.

## 2. TRIAL COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO INVESTIGATE AND ARGUE DEFENDANT'S ALLEGED INCOMPETENCY AS THE ISSUE WAS WITHOUT MERIT

The PCRA provides relief to those individuals whose convictions or sentences resulted from "ineffective assistance of counsel which . . . so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Commonwealth v. Cox, 983 A.2d 666, 678 (Pa. 2009)(citing 42 Pa.C.S. § 9543(a)(2)(ii). The law presumes that counsel was effective; therefore, the defendant carries the burden of proving ineffectiveness. Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1992). To establish ineffectiveness under the PCRA, the defendant must satisfy a three-prong test and demonstrate that (1) the underlying claim has arguable merit, (2) counsel's actions lacked any reasonable basis, and (3) counsel's actions resulted in prejudice to the petitioner. Commonwealth v. Pierce, 786 A.2d 203, 213 (Pa. 2001); Commonwealth v. Miner, 44 A.2d 684 (Pa. Super. 2012)(citing Cox, 983 A.2d at 678). A chosen strategy lacks a reasonable basis when an alternative strategy, not chosen, offered a potential for success substantially greater than the course actually pursued. Cox, 983 A.2d at 678. Finally, "prejudice in the context of ineffective assistance of counsel means demonstrating that, but for counsel's error, the outcome of the proceeding would have been different. Pierce, 786 A.2d at 213.

Specifically, Defendant argues that his VOP counsel was ineffective for: (1) failing to investigate the extent of defendant's alleged mental illness, (2) failing to request a psychiatric examination to determine if the Defendant was competent to participate in the VOP hearing; and

9

(3) failing to argue to the Court that Defendant was incompetent. For the following reasons, this Court finds Defendant fails to meet his burden on any of these claims.

An ineffectiveness claim cannot be sustained where the underlying claim lacks merit. All three of Defendant's ineffectiveness claims rely on the underlying claim that he was, in fact, incompetent to participate in the December 8, 2009 VOP hearing. As discussed in Section I, *supra*, Defendant has failed to provide this Court with any evidence that he was incompetent at the time of said hearing. Because this Court finds that Defendant was competent to participate in the 2009 hearing, Defendant's claim that counsel was ineffective for failing to investigate and argue his incompetency lacks merit. See Commonwealth v. Smith, 17 A.3d 873, 900 (Pa. 2011)(holding that without evidence defendant was actually incompetent to stand trial, defendant could not prevail on a claim that counsel was ineffective for failing to obtain a competency hearing); Commonwealth v. Santiago, 855 A.2d 682, 697 (Pa. 2004)(holding that appellant's claim that counsel was ineffective for failing to request a competency hearing failed the first prong of the *Peirce* test, because appellant did not establish to the PCRA court that he was incompetent at the time of trial,).

Because he has not met the first prong of the *Pierce* test, Defendant's ineffectiveness claims must fail. Moreover, Defendant's claims also fail the second prong of the *Pierce* test because Defendant cannot prove that counsel's actions lacked any reasonable basis. A chosen strategy lacks a reasonable basis when an alternative strategy, not chosen, offered a potential for success substantially greater than the course actually pursued. Cox, 983 A.2d at 678. Defendant argues that "failing to determine whether the petitioner was competent was not reasonable here because Petitioner was deemed incompetent just two years prior." In Santiago, the court held that appellant's claim that counsel was ineffective for failing to request a competency hearing failed

10

the first prong of the *Pierce* test, because appellant did not establish to the PCRA court that he was incompetent at the time of trial. A.2d 682, 697 (Pa. 2004). However, the Court further commented that "to the extent that Appellant's argument can be read to stand for the proposition that whenever a defendant has at one point in time been diagnosed with a mental illness, then his trial counsel will be deemed ineffective if he does not request a competency hearing at the time of trial, appellant's argument is expressly rejected. The fact that a defendant has experienced mental illness in the past does not *per se* render him incompetent to stand trial." 855 A.2d at 697. Following Santiago, it cannot be said that the counsel in this matter lacked any reasonable basis for not investigating Defendant's competency, simply because he had suffered from mental illness in the past. There is no evidence that investigating Defendant's mental health, or requesting a competency hearing, would have offered a substantially greater potential for success, as there is absolutely no evidence or indication in this case that Defendant was not competent to participate in the 2009 hearing. Furthermore, although Defendant had experienced mental illness that rendered him incompetent in the past, subsequent mental evaluations found him competent and able to participate in criminal proceedings, which he did in fact do. Thus, counsel's actions cannot be said to lack any reasonable basis, and Defendant's claim must also fail the second prong of the *Pierce* test.

Finally, Defendant argues in the alternative that "even if he was competent, counsel's failure to address his mental illness in depth was extremely prejudicial." "Prejudice in the context of ineffective assistance of counsel means demonstrating that, but for counsel's error, the outcome of the proceeding would have been different. Pierce, 786 A.2d at 213. Because this Court finds that counsel did address Defendant's mental illness at the hearing, and that there was no

11

prejudice, this final argument must also fail. At the December 8, 2009 hearing, trial counsel

asked this Court to consider defendant's mental health issues as follows:

> I would just ask the court to take into account that Mr. Reveron does have mental health issues, and he does have drug and alcohol problems, that have been a part of his life since age of 15, as per the last FIR that was done.
>
> And we would just be asking if the Court fashions a sentence that would run concurrent with the sentence he received today by Judge Carpenter.

N.T. 12/8/09, p.p. 9-10. Thus, the record clearly shows that Defendant's counsel addressed

Defendant's mental health issues at the hearing.

Furthermore, counsel's statement was made after this Court completed a lengthy review,

on the record, of Defendant's criminal history since his original appearance before this Court in

2005. This Court was very well acquainted with Defendant's mental health history and drug

abuse, and at the December 8, 2009 hearing, specifically reviewed the following facts:

- At his sentencing on December 7, 2005, Defendant was ordered to complete inpatient treatment at Bowling Green;
- At his VOP hearing in 2006, this Court ordered a Forensic Intensive Recovery ("FIR") evaluation for drug and mental health treatment, and ordered Defendant to continue the Options drug treatment program in jail;
- Defendant was later paroled to a FIR program, and per this Court's recommendation, supervised by the Mental Health Unit of the probation department;
- At his sentencing and VOP hearing on July 19, 2007, this Court ordered Defendant to complete 90 days in the Options drug treatment program and indicated he could be paroled to an inpatient mental health/drug abuse treatment program when a bed was available;
- Defendant was paroled to Conewago's dual diagnosis treatment program on December 17, 2007.

N.T. 12/08/09, p.p. 3-9. As the record shows, this Court was thoroughly familiar with

Defendant's history of mental illness and drug abuse problems prior to his sentencing on

December 8, 2009, and had taken considerable steps to assist in his mental health treatment.

12

Any alleged incompetence by Defendant's counsel with regard to his mental health issues was negated by this Court's in depth review of Defendant's case prior to his sentencing. Further argument by Defendant's counsel would not have affected the outcome of the proceedings, therefore there was no prejudice to the Defendant.

For all of the aforementioned reasons, trial counsel was not ineffective for failing to investigate and argue the issue of Defendant's competency. The law presumes that counsel was effective, and the PCRA provides relief only when the ineffective assistance of counsel so undermined the truth-determining process that no reliable adjudications of guilt or innocence could have taken place. As discussed, *supra*, there is no merit to Defendant's claim that he was incompetent. As such, his counsel cannot be found ineffective for failing to argue a meritless claim. Finally, counsel's failure to argue his mental health issues did not result in any prejudice to the Defendant because this Court was intimately familiar with his history of mental health and substance abuse problems. Therefore, Defendant's claim is without merit and the decision of this Court should be upheld.

13

## CONCLUSION

After review of the applicable, statutes, case law and testimony, this Court committed no error. This Court properly dismissed Defendant's PCRA petition. Defendant's due process rights were not violated since he was competent to participate in his hearing, and Defendant's counsel was not ineffective for failing to investigate and argue any alleged incompetence. Accordingly, this Court's dismissal of Defendant's PCRA petition as meritless should be affirmed.

BY THE COURT:

_____ J.

14